# EXHIBIT A

# Bidding Procedures Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
In re                                : Chapter 11
                                     :
Value City Holdings, Inc., et al.,   : Case No. 08-14197 (JMP)
                                     :
                    Debtors.         : (Jointly Administered)
---------------------------------------------------------x

**ORDER (A) ESTABLISHING PROCEDURES FOR THE SALE OF THE
DEBTORS' INTERESTS IN THEIR REMAINING LEASES, (B) APPROVING
CERTAIN BID PROTECTIONS, (C) FIXING FORM AND MANNER
OF NOTICE OF THE AUCTION, (D) ESTABLISHING PROCEDURES FOR
SETTING CURE AMOUNTS, (E) SCHEDULING A SALE HEARING TO
CONSIDER THE SALE OF THE DEBTORS' INTERESTS IN THEIR
REMAINING LEASES, AND (F) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), pursuant to sections 105(a), 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of: (I) an order (the "Bidding Procedures Order") (a) establishing procedures, in the form annexed hereto as Exhibit 1 (the "Bidding Procedures"), to sell the Debtors' interests in their remaining unexpired nonresidential real property leases (including any personal property that the Debtors determine to sell with such interests, the "Leases"), (b) approving certain bid protections to a Stalking Horse Bidder, if applicable, (c) fixing the form and manner of notice of the Bidding Procedures, the Auction, and the Sale Hearing (d) establishing procedures for setting cure amounts (the "Cure Procedures"), and (e) scheduling a Sale Hearing to consider lease assignments or lease termination agreements with the parties providing the highest or best offers

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

received by the Debtors pursuant to the Bidding Procedures; and (II) an order (the "Sale Order") (a) approving and authorizing the sale of the Leases pursuant to one or more assumption and assignment agreements, substantially in the form annexed to the Motion as Exhibit D (an "Assumption and Assignment Agreement"), or entry into one or more lease termination agreements, substantially in the form annexed to the Motion as Exhibit E (a "Lease Termination Agreement") pursuant to the terms and conditions stated therein, (b) establishing cure amounts, and (c) waiving the ten (10) day stay provided for under Bankruptcy Rules 6004(h) and 6006(d); and the Court having determined that the relief provided herein is in the best interest of the Debtors, their estates, their creditors and other parties in interest; and due and adequate notice of the Motion having been given under the circumstances; and upon the record of the hearing on the Motion held on December __, 2008, and full record of these cases; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

FOUND AND DETERMINED THAT:

    A.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

    B.      This Court has jurisdiction over the Motion and the transactions contemplated therein pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

    C.      Good and sufficient notice of the Motion and the relief sought therein has been given and no other or further notice is required, except as set forth herein with respect to the

Auction and the Sale Hearing. A reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to all parties in interest.

D. The Debtors' proposed notice of the Bidding Procedures, the Cure Procedures, the Auction, and the Sale Hearing is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction and the sale of the Leases, and the Bidding Procedures to be employed in connection therewith.

E. The Debtors have demonstrated a sound business justification for authorizing the payment of the Bid Protections to a Stalking Horse Bidder, if any, under the circumstances set forth in the Motion.

F. The Break-Up Fee is fair and reasonable.

G. The Debtors' payment of the Break-Up Fee to a Stalking Horse Bidder, as set forth in the Motion, (1) is not the result of a relationship tainted by self-dealing between the Debtors and the bidder receiving the Break-Up Fee, (b) any Break-Up Fee will not hamper, but rather will encourage bidding, and (c) the proposed amount of any Break-Up Fee is reasonable in relation to the size of the transaction.

H. Absent authorization of the payment of the Break-Up Fee, the Debtors may lose the opportunity to obtain the highest and best available offer for the Leases and the downside protection afforded by a Stalking Horse Bidder. In light of the benefit to the Debtors' estates, ample support exists for the approval of the Break-Up Fee as contemplated by the Motion.

I. The Debtors have demonstrated a compelling and sound business justification for authorizing the payment of the Expense Reimbursement as set forth in the Motion.

J. The Expense Reimbursement is fair and reasonable and provides a benefit to the Debtors' estates and parties in interest in these cases.

K. The Bidding Procedures and the Cure Procedures, substantially in the form annexed hereto as <u>Exhibit 1</u> and as described herein, respectively, are fair, reasonable and appropriate and are designed to maximize the value of the Debtors' estates.

L. The entry of this Bidding Procedures Order is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is granted to the extent set forth herein.

2. Except as otherwise expressly provided in this Bidding Procedures Order, all objections to the relief provided herein that have not been withdrawn, waived or settled, and all reservations of rights included therein, hereby are overruled and denied on the merits.

3. The Bidding Procedures attached hereto as <u>Exhibit 1</u> are hereby incorporated herein and approved, and shall apply with respect to the sale of the Leases.

4. The Stalking Horse Bid Protections are hereby approved and the Debtors are authorized, but not directed, to pay the Break-Up Fee and Expense Reimbursement subject to the terms and conditions set forth in the Motion.

5. The Debtors may sell the Leases in accordance with the Bidding Procedures.

6. The Auction shall take place at 10:00 a.m. (prevailing Eastern Time) on January 6, 2009, at the offices of Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019, or such other place and time as the Debtors notify all Qualified Bidders, the

Committee, and other invitees. If, however, no Qualified Bid is received by the Bid Deadline, then the Auction will not be held.

7. A Qualified Bidder that desires to make a bid shall comply with the requirements set forth in the Bidding Procedures for making such bid.

8. In the event the Debtors receive only a single Qualified Bid for a particular Lease or group of Leases, such Lease(s) will not be subject to bidding at the Auction, and the Debtors may seek to assume and assign such Lease(s) at the Sale Hearing if such Qualified Bid is otherwise acceptable to the Debtors, after consultation with the Committee.

9. The Debtors shall have the right to reject any and all bids for a particular Lease and/or remove any Lease(s) from the Auction if the Debtors, after consultation with the Committee, determine that such action will maximize value for the Debtors' estates.

10. The Debtors shall have the right to remove any Lease from the Auction if, in their business judgment, they believe that value may be maximized through a private sale, lease termination, or rejection, of the relevant Lease. Any such private sale or lease termination may be presented to the Court for approval at the Sale Hearing.

11. The failure specifically to include or reference any particular provision, section or article of the Bidding Procedures in this Order shall not diminish or impair the effectiveness of such procedure, it being the intent of the Court that the Bidding Procedures be authorized and approved in their entirety.

11. The Sale Hearing shall be held before this Court on January 8, 2009 at __:__ _.m. (prevailing Eastern Time), or as soon thereafter as counsel and interested parties may be heard.

12. The Sale Hearing may be adjourned, from time to time, without further notice to creditors or other parties in interest other than by announcement of said adjournment before this Court or on this Court's calendar on the date scheduled for said hearing.

13. The notice to be issued in connection with the Auction and the proposed sale of Leases, substantially in the form annexed to the Motion as <u>Exhibit F</u>, is approved.

14. Not later than two (2) business days after the entry of this Bidding Procedures Order, the Debtors will cause the Notice of Auction and Sale Hearing, substantially in the form attached to the Motion as <u>Exhibit F</u> (modified as necessary to reflect the rulings set forth herein), this Bidding Procedures Order, the Bidding Procedures, the Assumption and Assignment Agreement attached to the Motion as <u>Exhibit D</u>, and the Lease Termination Agreement attached to the Motion as <u>Exhibit E</u> to be sent by (a) overnight mail postage prepaid to: (i) the U.S. Trustee, (ii) counsel to the DIP Agent; (iii) counsel to the Committee, (iv) all known potential purchasers of the Leases, and (v) all landlords under the Leases, and their counsel, if known to the Debtors; and (b) first-class mail postage prepaid to all parties that have requested notice pursuant to Bankruptcy Rule 2002 as of the date prior to the date of the Motion.

15. Objections, if any, to the sale of Leases, the Cure Amounts, or the remaining relief requested in the Motion must: (a) be in writing, setting forth with specificity any and all cure obligations that the objecting party asserts must be cured or satisfied in respect of the sale of a Lease, as applicable, and/or any and all objections to the potential sale of a Lease, together with all documentation supporting such cure claim or objection, (b) comply with the Bankruptcy Rules and the Local Bankruptcy Rules; (c) be filed with the clerk of the Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on or before 4:00 p.m. (prevailing Eastern Time) on January 5, 2009, (the "<u>Sale Objection Deadline</u>"), or such

later date and time as the Debtors may agree and (d) be served so as to be received no later than the Sale Objection Deadline, upon (i) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019, Attn: John C. Longmire, Esq.; (ii) Hilco, 5 Revere Drive, Suite 320, Northbrook, IL 60062, Attn: Ross Block; (iii) counsel to the Official Committee of Unsecured Creditors, Otterbourg, Steindler, Houston & Rosen, P.C., 230 Park Avenue, New York, NY 10169, Attn: Glenn B. Rice, Esq; (iv) the Debtors, 3241 Westerville Road, Columbus, OH 43224, Attn: Stephen B. Darr, Chief Financial Officer, and (v) the U.S. Trustee, 33 Whitehall Street, 21st Floor, New York, NY 10004, Attn: Gregory Zipes, Esq.

16. The Cure Procedures are approved.

17. The non-Debtor parties to the Leases shall have until the Sale Objection Deadline, which deadline may be extended in the sole discretion of the Debtors, to object to (i) the Cure Amounts listed by the Debtors on the Schedule attached to the Motion as <u>Exhibit C</u> and to propose alternative cure amounts, and/or (ii) the proposed sale of the non-Debtor party's Lease.

18. If a Sale Objection as to a Cure Amount is timely filed, the Debtors shall schedule a hearing to determine the amount of any disputed Cure Amount not settled by the parties.

19. Notwithstanding anything herein to the contrary, an unresolved objection to a proposed Cure Amount shall not prohibit or otherwise affect the Debtors' ability to consummate a Sale Transaction pursuant to the procedures set forth herein.

20. In the event that no Sale Objection is timely filed, or if a Sale Objection is filed that does not contain an objection to a proposed Cure Amount, the applicable non-Debtor party to the Lease shall be deemed to have consented to the Cure Amount proposed by the Debtors and shall be forever enjoined and barred from seeking any additional amount on account of the

Debtors' cure obligations under section 365 of the Bankruptcy Code or otherwise from the Debtors, their estates, or an assignee on account of the sale of the Lease and shall be deemed to have consented to the proposed sale of such Lease.

21. If no timely Sale Objection is filed, upon approval by this Court of the sale of a Lease, the purchasers shall enjoy all of the rights and benefits under each Lease, as applicable, without the necessity of obtaining any party's written consent to the Debtors' sale of the Lease, and each such non-Debtor party to the Lease shall be deemed to have waived any right to object to, consent to, condition or otherwise restrict any such assumption and/or assignment.

22. The Debtors are authorized and empowered to take such steps, expend such sums of money and do such other things as may be necessary to implement and effect the terms and requirements established under this Order.

23. This Order shall not be stayed for ten (10) days after the entry thereof and shall be effective and enforceable immediately upon its entry on this Court's docket.

24. This Court shall retain jurisdiction over any matters related to or arising from the implementation and/or interpretation of this Order, including, but not limited to, any matter, claim or dispute arising from or relating to the Bidding Procedures, the Cure Procedures and the implementation of this Order.

Dated: New York, New York
　　　 December __, 2008

　　　　　　　　　　　　　　　　　　　　　　　 _____
　　　　　　　　　　　　　　　　　　　　　　　 HONORABLE JAMES M. PECK
　　　　　　　　　　　　　　　　　　　　　　　 UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

# BIDDING PROCEDURE