# EXHIBIT B

# Bidding Procedures

**BIDDING PROCEDURES**

Set forth below are the bidding procedures (the "Bidding Procedures") to be employed with respect to the proposed sale (the "Proposed Sale") by Value City Holdings, Inc. and its affiliated debtors and debtors-in-possession (the "Debtors," or the "Sellers"), Case No. 08-14197 (JMP), of the Debtors' interests in certain real property leases for the Debtors' stores currently undergoing Going-Out-Of-Business or store closing sales (each a "Lease"), as more fully set forth in the Motion (the "Motion") for, among other things: (I) an order (the "Bidding Procedures Order"), (a) establishing procedures to sell the Debtors' interests in their remaining unexpired nonresidential real property leases,[6] (b) approving certain bid protections to a Stalking Horse Bidder (as defined below), if applicable, (c) fixing the form and manner of notice of the Bidding Procedures, the Auction (as defined below), and the Sale Hearing (as defined below), (d) establishing procedures for setting cure amounts, and (e) scheduling a Sale Hearing (as defined below) to consider one or more lease assignments or lease termination agreements with the parties providing the highest or best offers received by the Debtors pursuant to the Bidding Procedures; and (II) an order (the "Sale Order") (a) approving and authorizing the sale of the Leases pursuant the to an assumption and assignment agreement, or entry into a lease termination agreement, (b) establishing cure amounts, and (c) waiving the ten (10) day stay provided for under Bankruptcy Rules 6004(h) and 6006(d).

## A.    BIDDING PROCEDURES MOTION

On _____ _, 2008, the court entered the Bidding Procedures Order.  As provided in the Bidding Procedures Order, on January 8, 2009, (or such other date and time as may be designated), or as soon thereafter as counsel may be heard, as further described below, the Bankruptcy Court will conduct a hearing (the "Sale Hearing") at which the Debtors will seek entry of the Sale Order.

## B.    THE BIDDING PROCESS

The Debtors and their advisors shall (i) determine whether any bid for the Lease(s) is a Qualified Bid (defined below), (ii) coordinate the efforts of Qualified Bidders in conducting their due diligence investigations, (iii) receive offers from Qualified Bidders, and (iv) negotiate in good faith any offers made to purchase the Lease(s) (collectively, the "Bidding Process").  Any person that wishes to participate in the Bidding Process must be a Qualified Bidder.  Neither the Debtors nor their representatives shall be obligated to furnish information of any kind whatsoever to any person that is not a Qualified Bidder and the Debtors and their professionals shall use good faith efforts to provide all Qualified Bidders with substantially similar information.

Based upon the terms and conditions of the bids received from Qualified Bidders, the level of interest expressed by the bidders in the Lease(s), and such other information as the

---

[6]    A non-exclusive schedule of the Leases is attached to the Motion as Exhibit C.

Sellers determine is relevant, the Sellers may conduct the Auction in the manner they determine will achieve the maximum value for the Lease(s), including, but not limited to, offering the Lease(s) for bidding in such successive rounds as the Sellers determine to be appropriate.

## C.  PARTICIPATION REQUIREMENTS

Any person that wishes to participate in the Bidding Process (a "Potential Bidder") must become a "Qualified Bidder." As a prerequisite to becoming a Qualified Bidder, a Potential Bidder must deliver (unless previously delivered) to the Debtors:

(a)  The most current audited and latest unaudited financial statements (collectively, the "Financials") of the Potential Bidder, or, if the Potential Bidder is an entity formed for the purpose of a Sale Transaction (as defined below), (x) Financials of the equity holder(s) of the Potential Bidder or such other form of financial disclosure as is acceptable to the Debtors and their counsel and (y) the written commitment acceptable to the Debtors and their counsel of the equity holder(s) of the Potential Bidder to be responsible for the Potential Bidder's obligations in connection with a Sale Transaction. In the event that a Potential Bidder is unable to provide Financials, the Debtors may, in their discretion, accept such other information sufficient to demonstrate to the Debtors' satisfaction that such Potential Bidder has the financial wherewithal to consummate a Sale Transaction. Landlords may be exempted from the requirement to provide Financials.

A "Qualified Bidder" is a Potential Bidder whose Financials or other information demonstrate the financial capability to consummate the Proposed Sale (a "Sale Transaction") and which the Debtors determine, in their discretion, is reasonably likely to make a bona fide offer that would result in greater value being received for the benefit of the Debtors' creditors.

Within two (2) business days after the Debtors receive from a Potential Bidder all of the materials required by subparagraphs (i) and (ii) above, the Debtors shall determine, in consultation with their advisors, and shall notify counsel to the Committee, and the Potential Bidder in writing, whether the Potential Bidder is a Qualified Bidder. In the event that the Debtors determine that a Potential Bidder is not a Qualified Bidder, the Debtors shall provide prompt notice thereof to the Committee, and to the Potential Bidder.

## D.  OBTAINING DUE DILIGENCE ACCESS

The Debtors shall afford each Qualified Bidder reasonable due diligence information. The due diligence period will end on the Bid Deadline (defined below). Unless specific exception is provided herein, each bidder must complete all required due diligence prior to the submissions of its bid. Qualified Bidders are required to exercise their own discretion before relying on any information regarding the Lease(s) provided. Requests for due diligence by a Qualified Bidder must be submitted in writing to Hilco Real Estate, LLC ("Hilco"), 5 Revere Drive, Suite 320, Northbrook, IL 60062, Attn: Ross Block.

The Debtors shall not be obligated to furnish any information relating to the Debtors and/or a Potential Sale to any person except a Qualified Bidder. The Debtors shall give each Qualified Bidder reasonable access to all written due diligence information provided to any other Qualified Bidder.

The Debtors shall coordinate all reasonable requests for additional information and due diligence access from Qualified Bidders. No conditions relating to the completion of due diligence shall be permitted to exist after the Bid Deadline (as defined below).

## E.     BID DEADLINE

**The deadline for submitting bids by a Qualified Bidder shall be January 5, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "<u>Bid Deadline</u>").**

Prior to the Bid Deadline, a Qualified Bidder that desires to make a bid must deliver written copies of its bid to: Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019, Attn: John C. Longmire, Esq., with copies to: (i) Hilco, 5 Revere Drive, Suite 320, Northbrook, IL 60062, Attn: Ross Block (ii) counsel to the Official Committee of Unsecured Creditors, Otterbourg, Steindler, Houston & Rosen, P.C., 230 Park Avenue, New York, NY 10169, Attn: Glenn B. Rice, Esq. and (iii) the Debtors, 3241 Westerville Road, Columbus, OH 43224, Attn: Stephen B. Darr, Chief Financial Officer.

## F.     DUE DILIGENCE FROM BIDDERS

Each Qualified Bidder shall comply with all reasonable requests for additional information by the Debtors or their advisors regarding such Qualified Bidder's financial wherewithal to consummate and perform obligations in connection with the Proposed Sale. Failure by the Qualified Bidder to comply with requests for additional information may be a basis for the Debtors to determine that a bid made by the Qualified Bidder is not a Qualified Bid.

## G.     REQUIRED BID DOCUMENTS

All bids must include the following to constitute a Qualified Bid (the "<u>Required Bid Documents</u>"):

(a)     A written irrevocable offer, if submitted by counsel to such bidder, on the letterhead of such bidder's counsel, that expressly states the terms of the offer, including the purchase price being offered for each individual Lease (if more than one Lease) in the form of an allocation schedule. Any offer must include: (a) the full name and identity of the bidder; (b) the full name and identity of the bidder's broker (if any); (c) the intended use of such premises; and (d) an express statement that the bidder has read, understands, and agrees to be bound by and comply with the Bidding

Procedures. The foregoing shall apply to all bids made by any bidder or on behalf of any bidder by a broker.

(b)     An executed and fully completed copy of the Assumption and Assignment Agreement, annexed to the Motion as <u>Exhibit D</u> or Lease Termination Agreement, annexed to the Motion as <u>Exhibit E</u>, as applicable, and a blacklined copy of the executed Assumption and Assignment Agreement or Lease Termination Agreement, as applicable, for the Lease(s) marked against the respective Assumption and Assignment Agreement or Lease Termination Agreement and initialed to show those amendments and modifications (including for example, price and terms) that the bidder proposes (each a "<u>Marked Agreement</u>"), signed by an individual authorized to bind the proposed bidder; <u>provided</u>, <u>however</u>, that any such amendments or modifications shall not be materially more burdensome than the terms of the Assumption and Assignment Agreement or Lease Termination Agreement, as applicable. Copies of the Assumption and Assignment Agreement and Lease Termination Agreement are annexed to the Motion as <u>Exhibits D</u> and <u>E</u>, respectively. Additional copies may be obtained by written request to: Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019, Attn: John C. Longmire, Esq. (Fax No.: (212) 728-8111, or email: <u>jlongmire@willkie.com</u>).

(c)     In the case of a real estate broker bidding on a Lease as agent for a bidder, the broker must submit the Required Bid Documents together with a letter of authorization on the bidder's corporate letterhead, executed by an authorized officer of the bidder, stating that: (a) the bidder exclusively authorizes the broker to submit such offer on behalf of the bidder and that any commission or fee of any type due and payable to such broker as a result of an assignment of any Lease shall be paid solely by the bidder and the bidder shall indemnify the Debtors, their estates, the Committee, and Hilco in this regard, and (b) the bidder acknowledges that it will comply with these Bid Procedures.

(d)     In the case of a landlord bidding on a Lease to which such landlord is a party (a "<u>Landlord Bid</u>"), a written offer on the landlord's corporate letterhead, for the purchase of one or more of the Leases that must include the gross amount offered for each individual Lease (if more than one Lease) including that portion which is payable in cash to the Debtors and that portion, if any, which is a "credit bid" consisting of a waiver of cure amounts and rejection damages. Such written offer must expressly state that the landlord's offer is irrevocable until the earlier of: (a) the closing of the Sale Transaction, and (b) fourteen (14) days following the Auction, and the extent to which the landlord agrees to waive and release any and all claims it may have against the Debtors, including claims pursuant to section 502(b)(6) of the Bankruptcy Code.

(e)     A certified check, made payable to the Debtors, representing a good faith deposit, in the total amount of at least 10% of the purchase price (the "Deposit").

(f)     Written evidence of the bidder's financial ability to purchase the Lease(s) in whole, which, in the Debtors' sole discretion, evidences the bidder's ability to timely consummate the Sale Transaction and perform under the Marked Agreement, including, without limitation, (a) federal tax returns for two years and/or current audited or reviewed financial statement and/or bank account statements, (b) a description of the intended use of the premises subject to the Lease(s), and (c) any additional information that the Debtors may reasonably request.

(g)     "Package" bids for multiple leases (or designation rights) for the Leases will be considered but shall be subject to competitive bids from (a) other package bids, and (b) individual bids for such Leases.

(h)     Written evidence that the bidder has obtained authorization and approval from its Board of Directors (or comparable governing body) with respect to the submission of its bid and execution of the Marked Agreement, or a representation that no such authorization or approval is required.

## H.    QUALIFIED BIDS

A "Qualified Bid" is a bid that includes each of the Required Bid Documents and:

(a)     is a binding irrevocable offer to purchase the Lease(s) for cash only, or if a Landlord Bid, Cash and/or Credit Bid, with no contingencies to closing (other than the conditions set forth in the Assumption and Assignment Agreement or Lease Termination Agreement, as applicable);

(b)     has been timely received by each of the parties listed in section E hereof no later than the Bid Deadline or any extended Bid Deadline;

(c)     is not materially more burdensome or conditional than the terms of the Assumption and Assignment Agreement or Lease Termination Agreement, as applicable, and, in the Sellers' business judgment, is likely to be able to close;

(d)     establishes that the bidder has the ability to consummate its proposed transaction within the time frame contemplated for consummation of the Assumption and Assignment Agreement or Lease Termination Agreement, as applicable;

(e)     is not subject to or conditioned on obtaining financing;

(f)     is not conditioned on the outcome of unperformed due diligence;

(g)     does not entitle the bidder to any termination or break-up fee, expense reimbursement, or similar type of payment;

(h)     is a good faith, bona fide offer to purchase the Lease(s);

(i)     is not inclusive of any amount anticipated to be owed for taxes which may be due on account of the transfer contemplated by such bid;

(j)     by its terms will remain open and irrevocable until the earlier of: (i) the closing with respect to the Successful Bid or the Next Highest Bid, as applicable; and (ii) fourteen (14) days after entry of a Sale Order with respect to the Lease(s) covered by such bid; and

(k)     contains evidence satisfactory to the Sellers that the bidder is reasonably likely to obtain prompt regulatory approval, if any is required, to purchase the Lease(s).

The Debtors reserve the right to reject any and all bids for a particular Lease and/or remove any Lease(s) from the Auction if the Debtors, after consultation with the Committee, determine that such action will maximize value for the Debtors' estates.

## I.     "AS IS, WHERE IS"

The sale of the Lease(s) shall be on an "as is, where is" basis and without representations or warranties of any kind, nature, or description by the Debtors, their agents or their estates except to the extent set forth in the Assumption and Assignment Agreement.  By submitting a bid, each Qualified Bidder shall be deemed to acknowledge and represent that it has had an opportunity to conduct any and all due diligence regarding the Lease(s) prior to making its offer, that it has relied solely upon its own independent review, investigation and/or inspection of any documents and/or the Lease(s) in making its bid, and that it did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Lease(s), or the completeness of any information provided in connection therewith or the Auction, except as expressly stated in these Bidding Procedures, or as to the Successful Bidder, as expressly stated in the terms of the sale of the Lease(s) set forth in the applicable agreement and ancillary documents.

## J.     AUCTION

If a Qualified Bid by a Qualified Bidder is received by the Bid Deadline, an auction (the "Auction") with respect to a Sale Transaction may take place two (2) business days prior to the Sale Hearing **at 10:00 a.m. (prevailing Eastern Time)** at the offices of Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019, or such other place and time as the Debtors notify all Qualified Bidders, the Committee, and other invitees.  If, however, no such Qualified Bid is received by the Bid Deadline, then the Auction will not be held.

In the event the Debtors receive only a single Qualified Bid for a particular Lease or group of Leases, such Lease(s) may not be subject to bidding at the Auction, and the Debtors may seek to assume and assign such Lease(s) at the Sale Hearing if such Qualified Bid is otherwise acceptable to the Debtors, after consultation with the Official Committee of Unsecured Creditors appointed in these chapter 11 cases (the "Committee"). Similarly, the Debtors reserve the right to remove any Lease from the Auction if, in their business judgment, they believe that value may be maximized through a private sale, lease termination, or rejection, of the relevant Lease. Any such private sale or lease termination may be presented to the Court for approval at the Sale Hearing.

Only a Qualified Bidder who has submitted a Qualified Bid will be eligible to participate at the Auction. Only the authorized representatives of each of the Qualified Bidders, the Committee, and the Debtors shall be permitted to attend the Auction. At the Auction, Qualified Bidders will be permitted to increase their bids.

The bidding at the Auction shall start at the purchase price stated in the highest or otherwise best Qualified Bid as disclosed to all Qualified Bidders prior to commencement of the Auction (the "Starting Qualified Bid"), and then continue in increments of at least $10,000.

The Debtors, in their discretion, may adopt rules for the Auction at or prior to the Auction that, in their discretion, will better promote the goals of the Auction and that are not inconsistent with any of the provisions of the Bidding Procedures Order. All such rules will provide that all bids shall be made and received in one room, on an open basis, and all other bidders shall be entitled to be present for all bidding with the understanding that the true identity of each bidder (i.e., the principals submitting each bid) shall be fully disclosed to all other bidders and that all material terms of each Qualified Bid will be fully disclosed to all other bidders throughout the entire Auction.

Unless otherwise agreed by the Debtors, in their discretion, no Qualified Bidder will be permitted more than one-half hour to respond to the previous bid at the Auction and, at the expiration of such time (unless extended), the Auction shall conclude. Immediately prior to concluding the Auction, the Debtors shall (i) review each Qualified Bid on the basis of its financial and contractual terms and the factors relevant to the sale process and the best interests of the Debtors' creditors, including, without limitation, those factors affecting the speed and certainty of consummating a Sale Transaction and (ii) determine and identify the highest or otherwise best Qualified Bid (the "Successful Bid," and the entity submitting the Successful Bid, the "Successful Bidder") and the next highest or otherwise best offer after the Successful Bid (the "Next Highest Bid," and the entity submitting the Next Highest Bid, the "Next Highest Bidder"). The Auction may be adjourned as the Debtors deem appropriate. Reasonable notice of the time and place for the resumption of the Auction will be given to all Qualified Bidders, the Committee and other invited parties. The Debtors reserve the right to waive or modify procedures set forth herein, in their discretion, to the extent such waiver or modification is in the best interest of the Debtors' estates and after consultation with the Committee.

At the conclusion of the Auction, the Debtors, after consultation with the Committee, shall announce the Successful Bids and the Next Highest Bids. The parties making

Successful Bids will be required to enter into definitive Assumption and Assignment Agreements or Lease Termination Agreements, as applicable, before the close of the Auction.

## K.     ACCEPTANCE OF THE SUCCESSFUL BID

The Debtors will present the results of the Auction, together with the Successful Bids and the Next Highest Bids, to the Bankruptcy Court at the Sale Hearing, at which certain findings will be sought from the Bankruptcy Court regarding the Auction, including, among other things, that (i) the Auction was conducted and the Successful Bidders were selected in accordance with these Bidding Procedures, (ii) the Auction was fair in substance and procedure, and (iii) consummation of the Sale Transactions contemplated by the Successful Bid will provide the highest or best value for the Lease(s) and are in the best interests of the Debtors and their estates.

In the event that, for any reason, any Successful Bidder fails to close the Sale Transaction contemplated by its Successful Bid, then, without notice to any other party or further court order, the Debtors shall be authorized to close with the Qualified Bidder that submitted the Next Highest Bid.

In evaluating whether any Qualified Bidder has submitted a higher and better bid, the Debtors may consider, among other things: (i) the number, type and nature of any changes to the Assumption and Assignment Agreement or Lease Termination Agreement as indicated on the Marked Agreement required by each bidder; (ii) the extent to which such modifications are likely to delay closing of the Proposed Sale to such bidder and the cost to the bankruptcy estate from such modifications or delay; (iii) the purchase price and the bidder's financial status; (iv) the probability of a prompt closing; and (v) with respect to a back-up bid, the bidder's willingness to commit to an extension of time for closing if requested by the Debtors.

## L.     SALE HEARING

After the Auction, the Sellers will seek the entry of an order or orders authorizing and approving sales to the Successful Bidders or the Next Highest Bidders (in the event a Sale Transaction with a Successful Bidder is unable to close), as well as any proposed private sale or lease termination,  at the **Sale Hearing which is scheduled for January 8, 2009 in the Courtroom of the Honorable James M. Peck, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004,** or as soon thereafter as counsel may be heard.  The Sale Hearing may be adjourned or rescheduled from time to time, without notice other than an announcement at the Sale Hearing.  In the event, for any reason, any Successful Bidder fails to consummate an approved sale within fourteen (14) days after entry of the order approving the Sale Transaction with the Successful Bidder and the Next Highest Bidder (in the event the Sale Transaction with the Successful Bidder is unable to close) the Sellers shall be authorized to consummate the Sale Transaction with the Next Highest Bidder without further order of the Court.

Objections to the entry of the Sale Order must (a) be in writing, setting forth with specificity any and all cure obligations that the objecting party asserts must be cured or satisfied in respect of the sale of the Lease, as applicable, and/or any and all objections to the potential

sale of the Lease, together with all documentation supporting such cure claim or objection, (b) comply with the Bankruptcy Rules and the Local Bankruptcy Rules; (c) be filed with the clerk of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on or before 4:00 p.m. (prevailing Eastern Time) on January 5, 2009 (the "Sale Objection Deadline"), or such later date and time as the Debtors may agree and (d) be served so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on the same day, upon (i) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019, Attn: John C. Longmire, Esq.; (ii) Hilco, 5 Revere Drive, Suite 320, Northbrook, IL 60062, Attn: Ross Block; (iii) counsel to the Official Committee of Unsecured Creditors, Otterbourg, Steindler, Houston & Rosen, P.C., 230 Park Avenue, New York, NY 10169, Attn: Glenn B. Rice, Esq.; and (v) the Debtors, 3241 Westerville Road, Columbus, OH 43224, Attn: Stephen B. Darr, Chief Financial Officer, (v) the U.S. Trustee, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Gregory Zipes, Esq.).

## M.    CLOSING AND RETURN OF GOOD FAITH DEPOSIT

Except as otherwise provided in this Section, with respect to any Successful Bidder and any Next Highest Bidder, the Good Faith Deposits of all Qualified Bidders shall be returned upon or within two (2) business days after Closing of the relevant Sale Transaction. The Good Faith Deposit of each Successful Bidder shall be held until the closing of the relevant Sale Transaction and applied in accordance with the Successful Bid. The Good Faith Deposit of the Next Highest Bidder shall be returned upon or within two (2) business days after closing of the Sale Transaction with the Successful Bidder. In the event the Debtors proceed to closing with a Next Highest Bidder, the Good Faith Deposit of such Next Highest Bidder shall be held until the closing of the Sale Transaction with the Next Highest Bidder and applied in accordance with the Next Highest Bid. If a closing does not occur by March 15, 2009, the disposition of Good Faith Deposits shall be as provided in the relevant bids.

Except as otherwise agreed in writing by the Debtors, the closing of a Sale Transaction shall take place within one (1) business day following the entry of the Sale Order approving the assumption and assignment of the Lease(s) (the "**Closing**"). Upon failure to consummate a sale of some or all of the Leases due to a breach by the Successful Bidder, the Debtors shall retain the Good Faith Deposit as liquidated damages, and the Next Highest Bid with respect to some or all of the Lease(s), shall be deemed the Successful Bid and shall consummate the sale of the Lease(s) without further order of the Court. The Next Highest Bidder shall keep its bid open for fourteen (14) days after entry of the order approving the Sale Transaction with the Successful Bidder and the Next Highest Bidder (in the event the Sale Transaction is unable to close).

## N.    EXPENSES

Bidders shall bear their own expenses in connection with the Proposed Sale, whether or not such Sale Transaction is ultimately approved, in accordance with the terms of the Assumption and Assignment Agreement.