4592639.13

# EXHIBIT G

# Sale Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re                                        :       Chapter 11
                                             :
Value City Holdings, Inc., et al.,           :       Case No. 08-14197 (JMP)
                                             :
          Debtors.                           :       (Jointly Administered)
--------------------------------------------------------x

**ORDER APPROVING AND AUTHORIZING THE SALE
OF THE DEBTORS' INTERESTS IN THEIR REMAINING
LEASES TO SUCCESSFUL BIDDERS FREE AND CLEAR
OF ALL LIENS, INTERESTS, CLAIMS AND
<u>ENCUMBRANCES AND GRANTING RELATED RELIEF</u>**

Upon the motion (the "<u>Motion</u>")[9] of the debtors and debtors in possession in the above-captioned cases (collectively, the "<u>Debtors</u>"), pursuant to sections 105(a), 363 and 365 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") for entry of: (I) an order (the "<u>Bidding Procedures Order</u>") (a) establishing procedures (the "<u>Bidding Procedures</u>"), to sell the Debtors' interests in their remaining unexpired nonresidential real property leases (including any personal property that the Debtors determine to sell with such interests, the "<u>Leases</u>"), (b) approving certain bid protections to a Stalking Horse Bidder, if applicable, (c) fixing the form and manner of notice of the Bidding Procedures, the Auction, and the Sale Hearing (d) establishing procedures for setting cure amounts (the "<u>Cure Procedures</u>"), and (e) scheduling a Sale Hearing to consider lease assignments or lease termination agreements with the parties providing the highest or best offers received by the Debtors pursuant to the Bidding Procedures; and (II) an order (the "<u>Sale Order</u>") (a) approving and authorizing the sale of the Leases pursuant

---

[9] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

to one or more assumption and assignment agreements, or entry into one or more lease termination agreements, pursuant to the terms and conditions stated therein, (b) establishing cure amounts, and (c) waiving the ten (10) day stay provided for under Bankruptcy Rules 6004(h) and 6006(d); and the Bidding Procedures Order having been entered on December __, 2008; and notice of the Bidding Procedures, the Cure Procedures, the Auction and the Sale Hearing having been provided in accordance with the Bidding Procedures Order; and the [Auction having been conducted on January __, 2009]; and the Court having conducted the Sale Hearing to consider the approval of the Sale Transaction and related transactions (the "Sale") pursuant to the terms of the [assumption and assignment agreement/lease termination agreement] annexed hereto as Exhibit A (the ["Assumption and Assignment Agreement/Lease Termination Agreement"]), dated January __, 2009, between the Debtors and _____ ("Purchaser"); and all parties in interest having been heard, or having had the opportunity to be heard, regarding the approval of the Sale and the transactions contemplated thereby; and the Court having reviewed and considered any objections to the relief provided herein, and the arguments of counsel made, and evidence adduced, related thereto; and upon the record of the hearing to approve the Bidding Procedures Order, the Auction, and Sale Hearing held before this Court on January __, 2009, and full record of these cases; and it appearing that the relief requested in the Motion is in the best interest of the Debtors, their estates, their creditors and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

FOUND AND DETERMINED THAT:

     A.    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B. This Court has jurisdiction over the Motion and the transactions contemplated by the Sale pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O).  Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C. Good, proper, timely, adequate and sufficient notice of the Motion and the relief provided herein has been given and no other or further notice is required.  A reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to parties in interest.

D. Good, proper, timely, adequate and sufficient notice of the Bidding Procedures, the Cure Procedures, the Bidding Procedures Order, [the Auction,] the Sale Hearing and the [assumption and assignment/termination] of the Lease has been given, no other or further notice is required and a reasonable opportunity to object or be heard has been offered to parties in interest.

E. The Debtors solicited offers for, [conducted an auction of,] and selected the Puchaser for the Sale of the Lease in accordance with the Bidding Procedures Order.

F. The sale process was fair in substance and procedure.

G. The Debtors have obtained a fair and reasonable price for the Sale of the Lease. The purchase price set forth in the [Assumption and Assignment Agreement/Lease Termination Agreement] is the highest or best offer received by the Debtors for the Sale of the Lease.

H. Sound business reasons exist for the Sale of the Lease.  Entry into the [Assumption and Assignment Agreement/Lease Termination Agreement] constitutes the Debtors' exercise of sound business judgment and is in the best interests of the Debtors, their

estates, and all parties in interest. The Court finds that the Debtors have articulated good and sufficient business reasons justifying the Sale of the Lease. Such business reasons include, but are not limited to, the following: (i) the [Assumption and Assignment Agreement/Lease Termination Agreement] constitutes the highest and best offer for the Lease; and (ii) the [Assumption and Assignment Agreement/Lease Termination Agreement] and the closing thereon will present the best opportunity to realize the value of the Debtors' interest in the Lease.

I. Consummation of the Sale Transaction contemplated by [Assumption and Assignment Agreement/Lease Termination Agreement], as applicable, will provide the highest or otherwise best value for the Lease and is in the best interests of the Debtors and their estates.

J. A sale of the Lease other than one free and clear of Liens (as defined below) would impact materially and adversely on the Debtors' estates, would yield substantially less value for the Debtors' estates, with less certainty than the available alternatives and thus the alternative would be of substantially less benefit to the estates of the Debtors.

K. The Debtors may sell the Lease free and clear of all Liens, because, with respect to each creditor asserting a Lien, one or more of the standards set forth in sections 363(f)(1)-(5) of the Bankruptcy Code have been satisfied. Those holders of Liens who did not object or withdrew objections to the Sale or the Motion are deemed to have consented to the Motion and Sale pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of Liens who did object fall within one or more of the other subsections of section 363(f) Bankruptcy Code.

L. The [Assumption and Assignment Agreement/Lease Termination Agreement] has been negotiated by the Debtors and Purchaser at arm's length without collusion or fraud, and in good faith within the meaning of section 363(m) of the Bankruptcy Code.

M. The Purchaser is a "good faith purchaser" entitled to the benefits and protections of section 363(m) of the Bankruptcy Code.

N. The Debtors and the Purchaser have not engaged in any conduct that would permit the [Assumption and Assignment Agreement/Lease Termination Agreement] or the Sale Transaction to be avoided under section 363(n) of the Bankruptcy Code.

O. [The non-Debtor parties to the Lease received sufficient and adequate notice of the Cure Procedure.]

P. [The Purchaser has provided adequate assurance of future performance under the Lease to the non-Debtor parties to the Lease].

Q. The legal and factual bases set forth in the Motion and at the Sale Hearing establish just cause for the relief granted herein.

R. The relief requested in the Motion is an exercise of the Debtors' sound business judgment and is in the best interests of the Debtors and their estates and creditors.

S. The entry of this Order is in the best interests of the Debtors, their estates, their creditors and other parties in interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is granted to the extent set forth herein.

2. All objections and responses to the relief granted herein that have not been overruled, withdrawn, waived, settled or resolved, and all reservations of rights included therein, are hereby overruled and denied.

3. Purchaser's offer for the Lease, as embodied in the [Assumption and Assignment Agreement/Lease Termination Agreement], is the highest and best offer for the Property and is hereby approved.

4. The [Assumption and Assignment Agreement/Lease Termination Agreement] is hereby approved pursuant to sections 363(b) and 365 of the Bankruptcy Code and the Debtors are authorized to consummate and perform all of their obligations under the [Assumption and Assignment Agreement/Lease Termination Agreement] and to execute such other documents and take such other actions as are necessary or appropriate to effectuate the [Assumption and Assignment Agreement/Lease Termination Agreement].

5. Pursuant to section 363(f) of the Bankruptcy Code, the Lease may be sold and transferred free and clear of all liens, claims, interests and encumbrances (collectively, "Liens") except as otherwise provided in the [Assumption and Assignment Agreement/Lease Termination Agreement], with any and all such Liens to attach to the proceeds of such sale with the same validity, priority, force and effect such Liens had on the Lease immediately prior to the sale and subject to the rights, claims, defenses, and objections, if any, of the Debtors and all interested parties with respect to any such asserted Liens.

6. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Sale by the Debtors to the Purchaser of the Lease and the transactions related thereto, upon the closing under the [Assumption and Assignment Agreement/Lease Termination Agreement] are authorized and approved in all respects.

7. [Pursuant to section 365 of the Bankruptcy Code, the assumption and assignment of the Lease, as identified in the Assumption and Assignment Agreement, by the Purchaser, is hereby authorized and approved in all respects.]

8. There shall be no rent accelerations, assignment fees, increases or any other fees charged or chargeable to the Purchaser as a result of the Sale of the Lease. Any provisions in the Lease that prohibits or conditions the assignment of such Lease, allow the non-Debtor party to such Lease to terminate, recapture, impose any penalty, condition renewal or extension, or modify any term or condition upon the assignment of such Lease, constitute unenforceable anti-assignment provisions under section 365(f) of the Bankruptcy Code, and are void and of no force and effect with respect to the transactions contemplated hereby. The validity of the Sale of the Lease to the Purchaser shall not be affected by any existing dispute between any of the Debtors and any non-Debtor party to such Lease. Any party that may have had the right to consent to the assignment of its the Lease is determined to have consented for the purposes of section 365(e)(2)(A)(ii) of the Bankruptcy Code.

9. [All defaults or other obligations of the Debtors under the Lease arising or accruing prior to the Closing Date (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) shall be deemed cured by the payment or other satisfaction of the Cure Amounts in the amounts set forth on <u>Exhibit B</u> to this Order. The Cure Amounts are hereby fixed at the amounts set forth on <u>Exhibit B</u> and the non-Debtor parties to the Lease shall be forever enjoined and barred from seeking any additional amount on account of the Debtors' cure obligations under section 365 of the Bankruptcy Code or otherwise from the Debtors, their estates, or an assignee on account of the sale of the Lease and shall be deemed to have consented to the Sale of such Lease. Except for the Cure Amounts, there are no other defaults existing under the Lease. The Cure Amounts are not subject to further dispute or audit, including based on performance prior to the

assumption, assignment and sale thereof, irrespective of whether such Lease contains an audit or similar clause.]

10. [Notwithstanding anything herein to the contrary, an outstanding objection to a proposed Cure Amount shall not prohibit or otherwise affect the Debtors' ability to consummate a Sale with the Purchaser, pursuant to the procedures set forth herein.]

11. The non-Debtor parties to the Lease shall be deemed to have consented to the Sale of such Lease.

12 The Sale is without representations or warranties of any kind, nature or description by the Debtors, their agents or representatives. The Lease shall be transferred "as is" and "where is."

13. The Sale shall not include personal property, inventory, fixtures, trade fixtures, or other furnishings or equipment located at the premises, whether or not owned by the Debtors.

14. The Debtors are authorized, but not directed, to sell any personal property to the Purchaser, or any other party, or to abandon any or all of the personal property located at Lease premises, or to make such other arrangements as may be appropriate.

15. All sales, transfer and recording taxes, stamp taxes or similar taxes, if any, relating to the Sale of the Lease or the sale of personal property of the Debtors in connection therewith shall be the sole responsibility of the Purchaser, and shall be paid to the Debtors at the Sale closing.

16. The stays provided for in Bankruptcy Rules 6004(h) and 6006(d) are hereby waived and this Order shall be effective immediately upon its entry.

4592639.13

17. The terms of this Order shall be binding on the Purchaser and its successors, the Debtors, creditors of the Debtors and all other parties in interest in the Debtors' cases, and any successors of the Debtors, including any trustee or examiner appointed in these cases or upon a conversion of these cases to chapter 7 of the Bankruptcy Code.

18. Purchaser is a good faith purchaser entitled to the benefits and protections afforded by section 363(m) of the Bankruptcy Code.

19. The [Assumption and Assignment Agreement/Lease Termination Agreement] or the Sale Transaction may not be avoided under section 363(n) of the Bankruptcy Code.

20. With respect to the transactions consummated pursuant to this Order, this Order shall be sole and sufficient evidence of the transfer of title to any particular purchaser, and the sale transaction consummated pursuant to this Order shall be binding upon and shall govern the acts of all persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Order, including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state, and federal, state, and local officials, and each of such persons and entities is hereby directed to accept this Order as sole and sufficient evidence of such transfer of title and shall rely upon this Order in consummating the transactions contemplated hereby.

21. This Court retains jurisdiction to interpret, implement and enforce the provisions of, and resolve any disputes arising under or related to, this Order and the [Assumption and

Assignment Agreement/Lease Termination Agreement], all amendments thereto, any waivers and consents thereunder and each of the agreements executed in connection therewith.

22. Nothing contained in any chapter 11 plan confirmed in these cases or the order of confirmation confirming any chapter 11 plan, nor any order dismissing any case or converting it to chapter 7 liquidation, shall conflict with or derogate from the provisions of the [Assumption and Assignment Agreement/Lease Termination Agreement], any documents or instrument executed in connection therewith, or the terms of this Order.

23. The failure specifically to include any particular provisions of the [Assumption and Assignment Agreement/Lease Termination Agreement] or any of the documents, agreements or instruments executed in connection therewith in this Order shall not diminish or impair the efficacy of such provision, document, agreement or instrument, it being the intent of the Court that the [Assumption and Assignment Agreement/Lease Termination Agreement] and each document, agreement or instrument be authorized and approved in its entirety.

4592639.13

24. The [Assumption and Assignment Agreement/Lease Termination Agreement] and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates.

Dated: New York, New York
      January __, 2009

_____
HONORABLE JAMES M. PECK