Hearing Date and Time: May 25, 2011 at 10:00 a.m.

Douglas T. Tabachnik, Esq.
LAW OFFICES OF DOUGLAS T. TABACHNIK, P.C.
63 West Main Street, Suite C
Freehold, NJ 07728-2141
(732) 780-2760
Counsel for the Defendant

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re:<br><br>VALUE CITY HOLDINGS, INC., et. al.<br>Debtors. | Chapter 11 case no. 08-14197 (JMP)<br>(Jointly administered) |
|---|---|

OBJECTION OF PUZZLES ENTERPRISES, INC. TO THE PROPOSED ORDER ESTABLISHING MEDIATION PROCEDURES PURSUANT TO 11 USC SECTION 547

To: HONORABLE JOHN M. PECK,
UNITED STATES BANKRUPTCY JUDGE

Puzzles Enterprises, Inc. (hereinafter "Puzzles"), hereby objects to the proposed form of order and procedures for mediation proposed by the Debtor in the above-captioned matter, and respectfully shows to the court as follows:

1. On or about June 14, 2010, the Debtor commenced an adversary proceeding against Puzzles, an entity located in Los Angeles, California, for an alleged preference payment in the approximate amount of $25,000, adversary proceeding number 10-03293. The payment in question was for an invoice for goods sold and delivered that constituted the solitary transaction between Puzzles and the Debtor, and appeared to have been made approximately 60 days after the date of the invoice

2. After some discussion between the parties that was essentially preliminary in nature, Puzzles filed its answer with affirmative defenses on or about August 11, 2010.

3. The primary factual inquiry initiated by Puzzles related to the customary age of the payables of the Debtor during the two-year period prior to the filing of its voluntary petition under title 11. Not receiving any of the requested information relating to this inquiry on a voluntary basis, in or about September 17, 2010, Puzzles served its document demand, under Fed. R. Bankr. Pro. 7034.

4. The Debtor's response largely objected to the requests and then provided eleven documents, all of which related solely to the transaction complained of in the complaint and none of which offered any information requested in the documents demands. Copies of the respective demands and the responses are annexed hereto as **Exhibits A** and **B** respectively. This is information that could easily have been produced, consisting of an accounts payable aging report that is usually produced with a few key strokes on any standard accounting software. Instead, this Debtor has stonewalled our efforts to obtain this simple information.

5. The Debtor now comes to this Court and states that it has been unsuccessful in settling this action, but the failure is of the Plaintiff to offer meaningful information that would inform any responsible discussion concerning the respective merits or demerits of the respective parties' positions. To add insult to the injury, the Debtor proposes that the Defendant be required to pay for one half of the cost of the mediation.

6. Under the circumstances, it is patently unfair to require that the Defendant pay one half of the cost for a mediator when the Plaintiff has not attempted to honor its discovery obligations in good faith, nor had any meaningful discussion regarding the relative merits of the parties' positions. Considering the modest amount in controversy, it would seem that, rather than attempt to obtain a settlement by honest means, the Plaintiff seeks instead to coerce a settlement by threatening the imposition of litigation costs that are extant only by reason of the

Debtor’s conduct in these proceedings. The imposition of such a cost seems an unusually punitive and painfully unfair measure. All the Defendant has been attempting to accomplish is to obtain from the Plaintiff meaningful discovery which is the Plaintiff’s obligation to provide: a standard account payable aging report so that the Defendant could assess the merits of its position and then be informed about the potential for a rational settlement, if one were merited.

7. The proposed mediation order is unfair in another manner. It requires, without provision for attendance by teleconference, the parties’ attendance at the mediation. Puzzles is located in Los Angeles, California. The cost and time required for travel to New York sought by the Debtor imposes yet another unreasonable expense upon a party and only furthers the unfair result of attempting to coerce a settlement from a Defendant whose only offense has been to offer an honest defense to an adversary proceeding.

8. In view of the foregoing, the proposed relief should not require that the Defendant bear one half of the cost of the mediator or travel to New York for personal attendance at a mediation session. In the latter regard, attendance by teleconference should be permitted. Furthermore, Puzzles should not be required to participate in mediation until such time at the Debtor has reasonably complied with the discovery request that has been propounded to it.

WHEREFORE, Puzzles respectfully requests that the motion be denied insofar as the within objection relates to same, together with such other and further relief as this court seems just proper and equitable.

Dated: May 17, 2011

LAW OFFICES OF DOUGLAS T. TABACHNIK, P.C.
Counsel for Puzzles, Enterprises, Inc.
/s/Douglas T. Tabachnik
Woodhull House
63 West Main Street, Suite C
Freehold, NJ 07728-2141
(732) 780-2760