McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444
Sheila E. Calello, Esq.
Angela Sheffler Abreu, Esq.

Counsel for New York Transit, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>VALUE CITY HOLDINGS, INC., ET AL.<br><br>Debtors. | Case No. 08-14197-JMP<br>(Jointly Administered)<br><br>CHAPTER 11 |

**LIMITED OBJECTION OF NEW YORK TRANSIT, INC. TO MOTION FOR ORDER ESTABLISHING MEDIATION PROCEDURES GOVERNING ALL ADVERSARY PROCEEDINGS BROUGHT PURSUANT TO 11 U.S.C. §547**

New York Transit, Inc. ("**NYT**"), by and through its counsel, hereby files this Limited Objection to Motion for Order Establishing Mediation Procedures Governing All Adversary Proceedings Brought Pursuant to 11 U.S.C. §547 (the "**Motion**") of Value City Holdings, Inc., along with its affiliated entities as a Debtor and Liquidating Company("**Value City**"). In support of this limited objection, NYT respectfully represents as follows:

## JURISDICTION

1. The Court has jurisdiction over the subject matter of the Motion pursuant to 28 U.S.C. §§ 157(b) and 1334(b).

2. This is a core proceeding arising under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") that the Court has authority to hear and determine the Motion and responses thereto pursuant to 28 U.S.C. § 157(b)(2)(A), (F) and (O).

## BACKGROUND

3. On or about October 26, 2008 (the "**Petition Date**"), Value City filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4. On or about October 25, 2010, Value City filed a Complaint, naming NYT as a Defendant at Adversary Proceeding #: 10-04042-jmp (the "**Adversary Proceeding**").

5. A Summons did not issue until December 15, 2010. NYT was unaware of the Adversary Proceeding until receiving notice that default was being entered on January 20, 2011.

6. NYT filed an Answer to the Complaint on March 16, 2011.

7. On May 10, 2011, Value City filed a *Motion for Order Establishing Mediation Procedures Governing All Adversary Proceedings Brought Pursuant to 11 U.S.C. §547*.

## LIMITED OBJECTION

8. NYT does not oppose Value City's request for mediation procedures but NYT has a limited objection to the requirement that all mediations occur in-person, without exception.

9. On page 4, paragraph 12 of the Motion, Value City requests the following: "The mediation shall take place in-person at a time and location chosen by the Mediator….The principal(s) (or such other person with full settlement authority) of both parties must attend."

10. Additionally, the Proposed Order submitted by Value City includes this language.

11. All of the Mediators selected by Value City are based in New York. It follows, that mediation would occur in New York. NYT and its principals are located in California.

12. The Proposed Order that Value City seeks to have entered would eliminate any possibility of NYT appearing by telephone at a mediation, even if the Mediator selected does not require in-person mediation.

ME1 11750193v.1

13. Value City has cited to <u>In re Ames Dep't Stores, Inc.</u> and <u>In re County Seat Stores, Inc.</u> to demonstrate the usefulness of mediation procedures. It is noted in <u>Ames</u> that in-person mediation was required in the Order, however in <u>County Seat</u>, it was not.

14. Notably, Value City does not mention <u>In re Lyondell Chemical Company</u>, Case No. 09-10023 (REG). In <u>Lyondell</u>, Judge Gerber's Order stated as follows regarding in-person mediation:

> At least one counsel for each party and a representative of each party having full settlement authority shall attend the mediation in person except that, a BR Mediator, in his or her discretion, may allow a party representative to appear telephonically.

<u>See</u> Exhibit A, Lyondell Order.

WHEREFORE, New York Transit, Inc. does not object to its counsel appearing in person but respectfully request that this Court include language in the Order similar to that provided in <u>Lyondell</u> and provide such other relief as is just and proper.

    McCarter & English, LLP
    Attorneys for New York Transit, Inc.

By: */s/ Sheila E. Calello*
    Sheila E. Calello, Esq.
    A Member of the Firm

Date: May 18, 2011


McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444
Sheila E. Calello, Esq.
Angela Sheffler Abreu, Esq.

ME1 11750193v.1

Counsel for New York Transit, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re: | Case No. 08-14197-JMP |
|---|---|
| VALUE CITY HOLDINGS, INC., ET AL. | (Jointly Administered) |
| Debtors. | CHAPTER 11 |

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of May, 2011, a copy of the *Limited Objection of New York Transit, Inc. to the Motion for Order Establishing Mediation Procedures Governing All Adversary Proceedings Brought Pursuant to 11 U.S.C. §547* was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system.

*/s/ Angela Sheffler Abreu*
Angela Sheffler Abreu

-4-
ME1 11750193v.1