Robinson & Cole LLP
Patrick M. Birney, Esq.
280 Trumbull Street
Hartford, CT 06103-3597
(860) 275-8200 (Telephone)
(860) 275-8299 (Fax)
(860) 275-8275 (Direct)

*Counsel to Bibby Financial Servs Midwest*

Hearing Date and Time May 25, 2011 at 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re:<br><br>VALUE CITY HOLDINGS, INC., ET AL.<br><br>Debtors | Chapter 11<br>Case No. 08-14197 (JMP)<br><br>May 18, 2011 |
|---|---|

**OBJECTION OF DEFENDANT BIBBY FINANCIAL SERVS MIDWEST
TO THE PROPOSED ORDER ESTABLISHING MEDIATION
<u>PROCEDURES PURSUANT TO 11 U.S.C. SECTION 547</u>**

To:   HONORABLE JOHN M. PECK,
      UNITED STATES BANKRUPTCY JUDGE

Bibby Financial Servs Midwest, the named defendant (the "Defendant") in Adversary Proceeding Number 10-03814 (the "Adversary Proceeding"), hereby objects to the Proposed Order Establishing Mediation Procedures Pursuant to 11 U.S.C. Section 547 (the "Mediation Motion") proposed by the Debtor in the above-captioned matter, and respectfully states as follows:

**<u>BACKGROUND</u>**

1.     On or about October 5, 2010, Value City Department Stores, LLC (the "Debtor") commenced the instant Adversary Proceeding against the Defendant, wherein the Debtor alleged that the Defendant was the purported transferee of an avoidable preference pursuant to Section 547 of the Bankruptcy Code.

2. On or about December 14, 2010, the Defendant contacted the Debtor and requested that the Debtor amend the Complaint in the Adversary Proceeding pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure to correct the misnomer contained in the case caption and body of the Complaint.[1] The Defendant expressly consented to the requested amendment. As of May 18, 2011, the Debtor has not amended the Complaint to correct the misnomer.

3. On and after January 20, 2011—and in lieu of the Debtor correcting the misnomer—the Defendant and the Debtor discussed consensually resolving the Adversary Proceeding; however, no substantive settlement negotiations ensued.

4. On May 13, 2011, the Defendant sent to the Debtor via e-mail a comprehensive, five (5) page settlement correspondence outlining the legal and factual arguments supporting the Defendant's claims in this action (the "Settlement Correspondence").

5. As of May 18, 2011, the Debtor has not otherwise engaged in any settlement negotiations with the Defendant or responded to the Defendant's Settlement Correspondence.

## ARGUMENT

### I. The Debtor Has Not Engaged in Less Formal Settlement Discussions with the Defendant

6. In the Mediation Motion, the Debtor asserts that the relief sought therein is needed because the Debtor "[n]ot unexpectedly….has thus far been unable to resolve [the Adversary Proceeding] through less formal means." Mediation Memo., ¶ 5. That is simply not accurate. The Debtor has made no effort to engage in any settlement negotiations with the Defendant or otherwise attempt to resolve this matter.

---

[1] The Defendant's correct legal name is Bibby Financial Services (Midwest), Inc.

7. Instead, the Debtor hopes to extract settlement from the Defendant by forcing it to pay half of the costs of a mediator that the Debtor unilaterally chooses and fly a representative of the Defendant from Chicago to New York to participate in the mediation.

8. Based on the Debtor's negligible efforts in attempting to resolve the Adversary Proceeding to date, it is patently unfair to require that the Defendant to be bound by an order compelling mediation.

9. Indeed, at best, the Debtor should be required to respond to the substantive points that the Defendant has raised in its Settlement Communication and engage in good faith settlement negotiations prior to a point where the Defendant be required to expend time, money and resources participating in a court-mandated mediation.

## II. The Mediation Motion Deprives the Defendant of Its Rights under General Order M-390 (Amending, And Restating M-143 and M211)

### A. Selection of Mediator

10. Moreover, the Mediation Motion should be denied inasmuch as it seeks an order compelling mediation upon the Defendant and requires it pay half the cost of the mediation, but at the same time deprives the Defendant of its rights to be involved in choosing a mediator.

11. By way of example, the Debtor asserts that the remaining unsettled adversary proceedings should be submitted to mediation before one of a select group of eight (8) mediators listed in an exhibit attached to the Mediation Motion (the "Selected Mediators"). The Debtor has failed to provide any detail regarding the methodology it used to select the Selected Mediators from the list of approximately 285 mediators that are identified on the Court's Register of Mediations.

12. Section 2.2(A) of the United States Bankruptcy Court of the Southern District of New York's General Administrative Order M-390 (Amending and Restating M-143 and M-0211)(the "Mediation Order") states:

> The parties will ordinarily choose a mediator from the Register for appointment by the Court. If the parties cannot agree upon a mediator within seven (7) days of assignment to mediation, the court shall appoint a mediator and alternate mediator.

Mediation Order M-143, § 2.2(A). The Debtor wholly ignores Section 2.2(a) and simply states that four (4) of the Selected Mediators should be chosen by the Court because of the "large number of open Preference Actions." Mediation Motion, ¶ 8. The Debtor's rationale is simply insufficient to deprive the Defendant of its right to be involved in the selection process.

### B. Time and Place of Mediation

13. The Debtor next asserts that the Selected Mediators shall unilaterally choose the time and location for the mediation, inform the Debtor's counsel of that time and location, and the Debtor's counsel shall then relay that information to the Plaintiff, who shall be required to attend in person. See Mediation Motion, ¶ 12. The Debtor's proposed procedure is one-sided and in conflict with Section 3.1 of the Mediation Order. Section 3.1 states that "[u]pon consultation with all attorneys and pro se parties subject to the mediation … shall fix a reasonable time and place of the initial mediation conference of the parties with the mediator …." Mediation Order, § 3.1. Accordingly, the Debtor also attempts to deprive the Defendant of its rights to discuss the time and location of the actual mediation (assuming it is allowed to proceeding).

C. **Compensation of the Mediator**

14. Section 4.0 of the Mediation Order states that the mediator's compensation "shall be on such terms as are satisfactory to the mediator and the parties." Id. Here, it is wholly unsatisfactory for the Defendant to be forced to incur mediation costs notwithstanding the fact that the Debtor has not engaged in any settlement negotiations with the Defendant; and unilaterally gets to choose the Selected Mediators.

15. Indeed, if the Mediation Motion is granted, the Debtor should be solely responsible for the costs and fees of the mediator if chosen from the Selected Mediators.

WHEREFORE, the Defendant respectfully requests that the motion be denied insofar as the within objection relates to same, together with such other and further relief as this court seems just proper and equitable.

Dated: May 18, 2011

ROBINSON & COLE LLP

By: /s/Patrick M. Birney
    Patrick M. Birney (pb3817)
    280 Trumbull Street
    Hartford, Connecticut 06103-3597
    Telephone: (860) 275-8200
    Facsimile: (860) 275-8299