**MORRISON COHEN LLP**
Michael R. Dal Lago, Esq.
909 Third Avenue
New York, NY 10022
(212) 735-8600

Attorneys for Marx Realty & Improve Co., Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | : : | |
| | : | Chapter 11 |
| VALUE CITY HOLDINGS, INC., et al., | : : | |
| | : | Case No. 08-14197 (JMP) |
| Debtors. | : : | (Jointly Administered) |

## LIMITED OBJECTION AND JOINDER TO OBJECTION TO DEBTORS' MOTION TO ESTABLISH MANDATORY NON-BINDING MEDIATION

Marx Realty & Improve Co., Inc., ("*Marx*") by its attorneys Morrison Cohen LLP, for its limited objection and joinder to objections to the motion ("*Motion*") of Value City Holdings, Inc. et al. ("*Debtors*") for an order establishing mediation procedures governing all adversary proceedings to the extent that it applies to Marx, respectfully states as follows:

1. On October 26, 2008, the Debtors filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code ("*Bankruptcy Code*").

2. On or about October 21, 2010, Value City Department Stores, LLC ("Value City"), one of the debtors, commenced an adversary proceeding (Adv. Pro. No. 10-03975) ("*Preference Action*") by filing a complaint against Marx seeking the return of alleged preferential transfers totaling $281,475.

3. Notably, although this Complaint was filed in October 2010, Marx was never served with a summons or a complaint until February 11, 2011. Thereafter, on or about April 15,

2011, Marx served its answer to the complaint and asserted its defenses and affirmative affirmative defenses.

4. Marx joins the objections filed by Schindler Elevator Corporation (Docket No. 1509), Puzzle Enterprises, Inc. (Docket No. 1510), New York Transit, Inc. (Docket No. 1511), Burlen Corp. (Docket No. 1512), Eva Graham, Inc. (Docket No. 1513), Cornell-Mayo Associates (Docket No. 1516), Josie Accessories, Inc. (Docket No. 1517), S. L. Fashions (Docket No. 1518), Bibby Financial Servs Midwest (Docket No. 1519), Generation Next (Docket No. 1520), and Federal Jeans Inc. (Docket No. 1521), for the reasons stated therein.

5. Marx also specifically objects to the Motion for the additional reason that requiring litigants to pay one half of the cost of the mediation is fundamentally unfair where substantive settlement discussions have not yet been held by the parties. Marx, unlike many of the other litigants, only received notice of this Preference Action 3 months ago. Upon receiving such notice, Marx immediately began reviewing its records and formulating its response. Once complete, Marx filed its Answer in April 2011. However, to date, Marx and Value City have yet to engage in substantive settlement discussion. To impose mediation on Marx prior to such discussions would cause Marx to incur additional costs on a matter to which it has undeniable defenses.

6. The proposed expedited mediation process should not be imposed upon certain litigants, such as Marx, that have not been given a meaningful opportunity to present their defenses to the Debtors. The relief sought favors the Debtors in that they can use the mediation system to coerce Marx to make compromises that it would otherwise not make to avoid incurring the costs of mediation. Instead, the Court should deny this Motion as it relates to Marx without

prejudice to bringing the Motion after the parties have had a chance to engage in settlement discussions.

WHEREFORE, Marx respectfully requests that the Motion be denied at this time.

Dated: New York, New York
       May 18, 2011

                              **MORRISON COHEN LLP**
                              Attorneys for Marx Realty & Improve Co., Inc.

                        By:   */s/ Michael R. Dal Lago*
                              Michael R. Dal Lago
                              909 Third Avenue
                              New York, New York 10022
                              (212) 735-8600